USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/1/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Gary Laverty,

                              Plaintiff,

      -against-

Dobco, Inc,

                              Defendant.

------------------------------------------------------------------X

7:21-CV-2592 (VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

       This case was reassigned to the undersigned in May 2023, and the parties' cross motions for summary judgment are now pending before the Court. (ECF Nos. 61, 63 (Mots.)). On July 14, 2023, the Court ordered Plaintiff to show cause why this Court has subject matter jurisdiction. (ECF No. 76 (Order to Show Cause)). The Court observed that the Complaint failed to adequately allege that the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a). For the reasons explained below, the Court is now satisfied that it has subject matter jurisdiction over the pending action. Plaintiff's request for leave to amend the complaint is **GRANTED** for the sole purpose of correcting the jurisdictional deficiency. The parties' pending cross-motions for summary judgment are **DENIED** as moot, subject to the parties renewing their motions after the pleadings are amended.

## BACKGROUND

       In Plaintiff's Response to the Order to Show Cause, Plaintiff includes a request for leave to amend his Complaint. (*See* ECF No. 77 (Response) at 2, 7).[1] Plaintiff attaches a proposed

---

[1] All page numbers refer to pdf pagination.

amended complaint, which alleges that the "amount in controversy is in excess of $75,000." (ECF No. 77-1 (Proposed Am. Compl.) at 2). Plaintiff alleges that on April 6, 2020, he suffered an injury that has prevented him from returning to work, resulting in an "economic loss of over one million dollars." (*Id.*). In support, Plaintiff submits an exhibit, prepared by Professor James Lambrinos, Ph.D., asserting that Plaintiff has suffered $1,258,816 in lost future net earnings and benefit losses. (ECF No. 77-3 (Exhibit) at 14–17). Defendant opposes and requests that the Court deny Plaintiff's request to amend the Complaint and that the Court dismiss the action for lack of subject matter jurisdiction. (ECF No. 78 (Opposition)). Plaintiff also filed a reply. (ECF No. 79 (Reply).

## DISCUSSION

The Court treats Plaintiff's Response to the Order to Show Cause as a motion for leave to amend the Complaint. "Defective allegations of jurisdiction may be amended," even on appeal (28 U.S.C. § 1653), and "[s]uch amendments [are to] be freely permitted where necessary to avoid dismissal on purely technical grounds." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 55 (2d Cir. 2019). Based on Plaintiff's submissions, the Court is now satisfied that the amount in controversy exceeds $75,000 and that the Court has subject matter jurisdiction over this action. First, the proposed Amended Complaint alleges that the amount in controversy exceeds $75,000. Second, having reviewed the exhibit, prepared by Professor James Lambrinos, Ph.D., which asserts that Plaintiff has suffered $1,258,816 in lost future net earnings and benefit losses, the Court finds that Plaintiff has substantiated, by a preponderance of the evidence, that the amount in controversy does exceed $75,000. *See Doe v. Trump Corp.*, 6 F.4th 400, 415 (2d Cir. 2021) ("The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists.").

## CONCLUSION

Plaintiff's request for leave to amend the complaint is therefore **GRANTED** for the sole purpose of correcting the jurisdictional deficiency. The Clerk of Court is directed to docket Plaintiff's Proposed Amended Complaint as the Amended Complaint. Plaintiff is directed to serve the Amended Complaint on Defendant. *See* Fed. R. Civ. P. 5(a)(1)(B). Defendant is directed to serve its Amended Answer within 14 days after service of the Amended Complaint. *See* Fed. R. Civ. P. 15(a)(3).

In light of the amended pleadings, the parties' pending cross-motions for summary judgment are **DENIED** as moot, subject to the parties renewing their motions after the pleadings are amended.[2] By no later than seven (7) days after service of the Amended Answer, the parties shall submit a joint letter, either proposing a revised briefing schedule for renewed cross-motions for summary judgment or advising the Court whether the parties intend to resubmit their previously filed cross-motions for summary judgment.

The Clerk of Court is directed to terminate the pending cross-motions for summary judgment. (ECF Nos. 61 to 66, 69 to 75).

**SO ORDERED.**

DATED:   White Plains, New York
         August 1, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge

---

[2] "[A]n amended complaint ordinarily supersedes the original and renders it of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 667 (2d Cir. 1977). "For this reason, courts in this circuit routinely deny summary judgment motions as moot, or even vacate prior grants of summary judgment, when the motion was based on a complaint that has been rendered legally inoperative." *Weinreb v. Xerox Bus. Servs., LLC*, 323 F. Supp. 3d 501, 508 n.6 (S.D.N.Y. 2018) (collecting cases).